1  Daniel L. Balsam (State Bar No. 260423)
   THE LAW OFFICES OF DANIEL BALSAM
2  2912 Diamond Street #218
   San Francisco, CA 94131
3  Phone: (415) 869-2873
   Fax: (415) 869-2873
4

5  Timothy J. Walton (State Bar No. 184292)
   WALTON TWU LLP
6  9515 Soquel Drive, Suite 207
   Aptos, CA 95003-4137
7  Phone (831) 685-9800
   Fax: (650) 618-8687
8

9  Jeffrey A. Pollak (State Bar No. 239575)
   MANN ORLANSKY & POLLAK
10 1901 1st Avenue, Suite 405
   San Diego, CA 92101
11 Phone (619) 238-5500
   Fax: (619) 238-5542
12

13
   Attorneys for Plaintiffs SHELLY CARPER, STEVE CARPER, NICK OLIVERES, MARIO
14 OSOTEO, and DEBRA RUIZ

15

16              **UNITED STATES DISTRICT COURT**

17    **NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)**

18 SHELLY CARPER *et al*,                  ) Case No.        3:13-cv-03921 (JST)
                                           )
19              Plaintiffs,                ) **PLAINTIFFS' NOTICE OF MOTION**
                                           ) **AND MOTION TO REMAND TO**
20       vs.                               ) **CALIFORNIA SUPERIOR COURT, AND**
                                           ) **REQUEST FOR COSTS AND**
21 ADKNOWLEDGE INC. *et al*,               ) **SANCTIONS**
                                           )
22              Defendants.                ) **28 U.S.C. § 1447(c), Fed. R. Civ. Proc. 11(c)**
23                                         )
                                           ) Date:          Oct. 10, 2013
24                                         ) Time:          2:00 p.m.
                                           ) Courtroom:     9, 19th Floor
25                                         ) Judge:         Hon. Jon S. Tigar
26 ──────────────────────────────

27

28

                             **1**
            **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND,**
               **AND REQUEST FOR COSTS AND SANCTIONS**

NOTICE IS HEREBY GIVEN that on October 10, 2013, in Courtroom 9 of the United States District Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102 at 2:00 p.m., or as soon thereafter as the matter may be heard, Plaintiffs Shelly Carper *et al* will and hereby do move the Court for an Order pursuant to 28 U.S.C. § 1447(c) to remand this Action to the Superior Court of California, County of San Francisco, and to order Defendant Adknowledge Inc. ("Adknowledge") and its attorneys Newman Du Wors LLP ("Newman Du Wors") to pay Plaintiffs their costs incurred, including attorneys' fees in the amount of $5,540.

Adknowledge removed the California state court action to this Court based on a false claim of diversity jurisdiction.  However, Business.com Media Inc. ("Business.com") is a properly joined California defendant against whom Plaintiffs have properly asserted valid claims. Adknowledge's attorneys know that the removal was improper, because they recently attempted the same scheme in another case.  This Court should sanction Newman Du Wors and Adknowledge pursuant to Federal Rule of Civil Procedure 11(c) to deter them from continuing to improperly remove cases from state court.

The Motion is based on this Notice of Motion; the Memorandum of Points and Authorities; the Declarations of Debra Ruiz, Daniel Balsam, Timothy Walton, and Jeffrey Pollak; the papers, records, and pleadings on file herein; and on such oral and documentary evidence as may be presented at the hearing on the Motion.

THE LAW OFFICES OF DANIEL BALSAM

Dated:  September 5, 2013

/s/ Daniel L. Balsam
Daniel L. Balsam
Attorney for Plaintiffs Shelly Carper *et al*

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND, AND REQUEST FOR COSTS AND SANCTIONS**

Daniel L. Balsam (State Bar No. 260423)
THE LAW OFFICES OF DANIEL BALSAM
2912 Diamond Street #218
San Francisco, CA 94131
Phone: (415) 869-2873
Fax: (415) 869-2873

Timothy J. Walton (State Bar No. 184292)
WALTON TWU LLP
9515 Soquel Drive, Suite 207
Aptos, CA 95003-4137
Phone (831) 685-9800
Fax: (650) 618-8687

Jeffrey A. Pollak (State Bar No. 239575)
MANN ORLANSKY & POLLAK
1901 1st Avenue, Suite 405
San Diego, CA 92101
Phone (619) 238-5500
Fax: (619) 238-5542

Attorneys for Plaintiffs SHELLY CARPER, STEVE CARPER, NICK OLIVERES, MARIO
OSOTEO, and DEBRA RUIZ

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

| | |
|---|---|
| SHELLY CARPER *et al*, | ) Case No.    3:13-cv-03921 (JST) |
| | ) |
| Plaintiffs, | ) **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES IN SUPPORT OF** |
| vs. | ) **PLAINTIFFS' MOTION TO REMAND** |
| | ) **TO CALIFORNIA SUPERIOR COURT,** |
| ADKNOWLEDGE INC. *et al*, | ) **AND REQUEST FOR COSTS AND** |
| | ) **SANCTIONS** |
| Defendants. | ) |
| | ) **28 U.S.C. § 1447(c), Fed. R. Civ. Proc. 11(c)** |
| | ) |
| | ) Date:        Oct. 10, 2013 |
| | ) Time:        2:00 p.m. |
| | ) Courtroom:  9, 19th Floor |
| | ) Judge:       Hon. Jon S. Tigar |

## I.  INTRODUCTION

Plaintiffs Shelly and Steven Carper, Nick Oliveres, Mario Osoteo, and Debra Ruiz sued Defendant Adnowledge and one of its advertising clients – Business.com – in the Superior Court of California, County of San Francisco for violations of California Business & Professions Code § 17529.5 ("Section 17529.5").  *See* Verified Complaint, generally (Docket #1).

Adnowledge filed a Notice of Removal on August 23, 2013, purportedly based on diversity jurisdiction.  However, there is a valid California defendant – Business.com – which was *not* fraudulently joined.  Adnowledge's attorneys, Newman Du Wors, removed the state court action in bad faith, because they know that a California defendant destroys diversity and they know, or should know, that advertisers such as Business.com are liable for unlawful spams sent by third parties.  *Hypertouch Inc. v. ValueClick Inc. et al*, 192 Cal. App. 4th 805, 820-21, 829-30 (2d Dist. 2011).  Adnowledge and its attorneys are engaged in improper procedural gamesmanship.

This Court should remand the Action, order Adnowledge and Newman Du Wors to pay Plaintiffs' attorneys' fees associated with the removal and remand in the amount of $5,540, and sanction Newman Du Wors pursuant to Federal Rule of Civil Procedure 11(c) to deter them from continuing to knowingly violate 28 U.S.C. § 1332 by improperly removing state court actions when there is no federal jurisdiction.

## II.  STATEMENT OF FACTS

Plaintiffs sued Adnowledge and one of its advertising clients, Business.com, in the Superior Court of California, County of San Francisco for violations of California's anti-spam law, Section 17529.5.  *See* Verified Complaint, generally.

Defendant Business.com is a Delaware corporation with a primary place of business in Carlsbad, *California*.  Verified Complaint at ¶ 10, Notice of Removal at 4:13-14 (Docket #1).

Plaintiffs were all citizens and residents of *California* when they received the unlawful spams at issue at their California email addresses.  Verified Complaint at ¶ 8, Notice of Removal at 4:8 (Docket #1).

Plaintiff Osoteo received two unlawful spams advertising Adknowledge and Business.com.  Verified Complaint at ¶¶ 21, 25, 27 (Docket #1), Notice of Removal at 2:23-24 (Docket #1), Declaration of John Herbst, Exhibit A, part 1 of 46 at *2-7 (Docket #4-1).  Osoteo also received numerous other Adknowledge spams advertising other California companies, including EduSearch Network Inc. (a California corporation), Envoy Media Group Inc. (a California corporation), and Home Improvement Leads Inc. (a Delaware corporation located in Oakland, California).  Declaration of Daniel Balsam ("Balsam Decl.") at ¶ 2.

Adknowledge's Chief Legal Officer John Herbst's Declaration (Docket #3), is incorrect. Plaintiff Ruiz *also* received an Adknowledge spam advertising Business.com.  Declaration of Debra Ruiz ("Ruiz Decl.") at ¶ 2 and Ex. A.  Ruiz also received numerous other Adknowledge spams advertising other California companies, including EduSearch Network Inc. (a California corporation) and Envoy Media Group Inc. (a California corporation).  *Id.* at ¶ 3, Balsam Decl. at ¶¶ 3-4.

Plaintiffs always intended to amend the complaint to DOE-in other advertisers, including California advertisers, but they had to rush to get the Complaint on file because Adknowledge stalled and refused to sign a tolling agreement and Plaintiffs were in danger of losing claims due to the statute of limitations.  Balsam Decl. at ¶ 5.

Plaintiffs' attorney Balsam spent 9.4 hours at $300 per hour preparing this Motion to Remand, and expects to spend 6.0 more hours through the hearing on the Motion.  *Id.* at ¶ 6. Plaintiffs' attorney Timothy Walton spent 1.0 hours at $400 per hour preparing this Motion to Remand, and expects to spend 0.5 more hours through the hearing on the Motion.  Declaration of Timothy Walton ("Walton Decl.") at ¶ 2.  Plaintiffs' attorney Jeffrey Pollak spent 0.5 hours at $400 per hour preparing this Motion to Remand, and expects to spend 0.3 more hours through the hearing on the Motion.  Declaration of Jeffrey Pollak ("Pollak Decl.") at ¶ 2.

### III.  LEGAL STANDARD

The diversity jurisdiction statute provides that "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [ ] citizens of different States."  28 U.S.C. § 1332(a), (a)(1).  More specifically, *all* plaintiffs must be of different citizenship than *all* defendants.  *Morris v. Princess Cruises Inc.*, 236 F.3d 1067, 1067 (9th Cir. 2001).  Even a single forum state defendant "contaminates the complaint" such that there is no federal diversity jurisdiction.  *Portnoy v. Veolia Transportation Services,* No. 2:13-cv-0043-MCE-EFB, 2013 U.S. Dist. LEXIS 6138 at *5 (E.D. Cal. Jan. 15, 2013).  Courts construe the diversity statutes strictly; any doubt as to whether jurisdiction exists is normally resolved *against* a finding of such jurisdiction.  *Kantor v. Wellesley Galleries Ltd.*, 704 F.2d 1088, 1092 (9th Cir. 1983).

Similarly, the removal statute – 28 U.S.C. § 1441 – is strictly construed against removal jurisdiction.  *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).  Federal jurisdiction must not be asserted if there is any doubt as to the right of removal.  *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

### IV.  DISCUSSION

**A.  There is No Geographic Diversity, So Removal is Entirely Improper**

*1.  There is No Dispute that Plaintiffs and Business.com are in California*

Plaintiffs were all citizens and residents of *California* when they received the unlawful spams at issue at their California email addresses.  Verified Complaint at ¶ 8, Notice of Removal at 4:8 (Docket #1).

"A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c).  "Under the 'place of operations test' [], the principal place of business is the state which 'contains a substantial predominance of corporate operations."  *Id.* "The party asserting jurisdiction has the burden of proving all jurisdictional facts."  *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

Although Defendant Business.com is incorporated in Delaware, its headquarters and its principal place of business are in *California*. Adknowledge does not dispute this. Verified Complaint at ¶ 10, Notice of Removal at 4:13-14 (Docket #1).

The fact that Plaintiffs had not served Business.com prior to removal is irrelevant, because the citizenship of *all* defendants – both served and unserved – determines diversity jurisdiction.

> A nonresident defendant cannot remove a "nonseparable" action if the citizenship of any codefendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or nonservice upon the codefendant [ ]. Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.

*Clarence E. Morris Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969).

### 2. Adknowledge Incorrectly Argues that a "Small" Defendant is a "Fraudulently Joined" Defendant

Adknowledge somehow manages to argue with a straight face that there is complete diversity because Plaintiffs have "fraudulently" joined Business.com, and therefore this Court should ignore the undisputed fact that Business.com is located in California. Notice of Removal at 4:12-13; *but see Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) ("The removing party has the burden of showing that a particular defendant is a 'sham' defendant").

After a lengthy recitation of non-binding cases from other states, Districts, and Circuits as to what "fraudulent misjoinder" means, Notice of Removal at 4:15-6:4, Adknowledge finally gets to the point. Its theory appears to be that Plaintiffs "fraudulently" joined Business.com because, supposedly, only one Plaintiff (Osoteo) received only two Adknowledge/Business.com spams. Notice of Removal at 6:11-13. However, as noted above, the Declaration of Adknowledge's Chief Legal Officer is incorrect; Plaintiff Ruiz also received an Adknowledge/ Business.com spam. Ruiz Decl. at ¶ 2 and Ex. A.

Thus, Adknowledge argues that Business.com's undisputed California citizenship doesn't matter, because it represents "only two" (or three) of the spams at issue. But why does it matter *to what extent* Business.com is liable? Adknowledge's argument, boiled down to its most

**4**

simplistic form, goes like this: "The California Defendant is only a teeny bit liable, so it doesn't count."  But that is not the law.  *Any* valid California Defendant, no matter how "small," destroys diversity:

> When federal-court jurisdiction is predicated on the parties' diversity of citizenship, see § 1332, removal is permissible "only if *none* of the parties in interest properly  joined and served as defendants is a citizen of the State in which [the] action [was] brought." § 1441(b).

> Defendants may remove an action on the basis of diversity of citizenship if there is *complete* diversity between *all* named plaintiffs and *all* named defendants, and *no* defendant is a citizen of the forum State.

*Lincoln Property Company v. Roche*, 546 U.S. 81, 83-84 (2005).

> Since *Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267, 2 L. Ed. 435 (1806), we have read the statutory formulation "between . . . citizens of different States" to require *complete* diversity between *all* plaintiffs and *all* defendants.

*Id*. at 89 (emphasis added).

Regardless of whether the number of Adknowledge/Business.com spams is two or three, the fact that Business.com may be a "small" defendant does *not* mean that Business.com is a "fraudulently joined" defendant, as Adknowledge would have this Court believe.

### 3.  *If There is Any Possibility of Liability for a Non-Diverse Defendant, Then Joinder Cannot Be Fraudulent and Remand is Necessary*

In *Hunter v. Philip Morris USA*, the Ninth Circuit cited a Fifth Circuit case with approval, holding that

> "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." . . . . "[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary."

582 F.3d 1039, 1044 (9th Cir. 2009) (citations omitted).  Similarly:

> The removing defendant's burden of demonstrating that the non-diverse defendant's joinder is a "sham" is a heavy one.  In determining whether a non-diverse defendant's joinder is fraudulent, the court must resolve all disputed questions of fact, and all ambiguities in the controlling state law, in favor of the non-removing party.  All doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved

**5**

in favor of remand, and a lack of clear precedent does not render the joinder fraudulent.

Applying these standards, if there is even a possibility that plaintiff may prevail, remand is warranted. "The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . .,". The court's job is not to determine whether the plaintiff will actually or even probably prevail on merits of his claim, but rather to evaluate whether there is any possibility plaintiff may do so. For this reason, merely showing that an action is likely to be dismissed as against the purported "sham" defendant does not demonstrate fraudulent joinder. . . .

*Archuleta v. American Airlines, Inc.*, 2000 U.S. Dist. LEXIS 21076 at *16-17 (C.D. Cal. May 8, 2000) (citations omitted). And, just last year in the Northern District:

The defendant seeking removal based on fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant, but must show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant.

. . . Given Defendants' heavy burden of persuasion and the presumption against finding fraudulent joinder, Defendants have not demonstrated that Parker is a fraudulently joined defendant. Plaintiff's motion to remand is therefore granted.

*Birkhead v. Parker*, 2012 U.S. Dist. LEXIS 148854 at *9-10 (N.D. Cal. Oct. 15, 2012).

### 4. *Business.com is Strictly Liable for Advertising in Unlawful Spams*

As shown, the issue for this Court is not *how many spams* California Defendant Business.com may be liable for, but rather whether there is *any possibility of liability* for Business.com, no matter how small. In this case, the liability is very real, and Adknowledge has not proven or even attempted to argue otherwise.

The reason that Business.com's liability is very real is that as a matter of substantive California law, advertisers are strictly liable for unlawful spam sent by third parties. *Hypertouch Inc. v. ValueClick Inc. et al,* 192 Cal. App. 4th 805, 820-21, 829 (2d Dist. 2011). And the From Names and sending domain name registrations for the Adknowledge/Business.com spams violate Section 17529.5. *Balsam v. Trancos Inc. et al,* 203 Cal. App. 4th 1083 (1st Dist. 2012), *petition for review denied*, 2012 Cal. LEXIS 4979 (Cal. May 23, 2012), *petition for certiori denied*, 2012

1   U.S. LEXIS 8423 (U.S. Oct. 29, 2012), *petition for rehearing denied*, 2013 U.S. LEXIS 243

2   (U.S. Jan. 7, 2013).

3          Since Plaintiffs state a valid cause of action against Business.com, who advertised in

4   some of the unlawful spams at issue, Business.com *cannot* be fraudulently joined.

5          This Court should remand based on the lack of diversity, as alleged in the Verified

6   Complaint.  Plaintiffs believe that amending the Complaint to add more Defendants, including

7   California Defendants, should take place in state court.

8   **B.  Adknowledge and its Counsel Newman Du Wors Mischaracterize the Complaint and**
   **the Relevant Case History**

9

10         Adknowledge's motive for removing this case weighs in favor of remand.

11         Adknowledge mischaracterizes the nature of Plaintiffs' complaint.  Notice of Removal at

12  6:18-19.  Plaintiffs argue material falsity and deception, not "technical email labeling."  Verified

    Complaint at ¶¶ 3, 33, 35 (Docket #1).

13

14         Adknowledge also blatantly attempts to mislead this Court by falsely claiming that

15  "nearly every federal court that has ever faced claims like Plaintiffs . . . has found that those

16  claims are preempted by the federal CAN-SPAM Act of 2003."  Notice of Removal at 6:18-20.

17  This is a *wildly* inaccurate statement, and evidences inappropriate conduct on the part of

    Adknowledge and its attorneys, who signed the papers and who should know better.

18

19         As discussed in more detail in Plaintiffs' Opposition to Defendant's Motion to Dismiss

20  (Docket #20), filed concurrently, following a 2009 Ninth Circuit ruling (*Gordon v. Virtumundo

21  Inc.*, 575 F.3d 1040 (9th Cir. 2009)) that addressed preemption of *Washington*'s overbroad anti-

22  spam law (as opposed to California's narrow Section 17529.5), three out of four District Courts

23  in the Northern District of California ruled that the CAN-SPAM Act does *not* preempt Section

24  17529.5.  In fact, one of those three courts originally found preemption but reversed itself after,

25  and expressly in response to, *Gordon.*  The one district court that ruled for preemption did so in

26  an interim order with no analysis, and no references to the other three cases or why the particular

27  facts of that case supported the divergent ruling.  That case is still in active litigation, and the

28  spam recipient has not yet had an opportunity to appeal the order.

This dispute is a matter of California state law, there is a valid California Defendant, and this Action belongs in a California state court.  Adknowledge is grasping at straws to get this matter into Federal Court where Newman Du Wors have a history of misrepresenting the holding of *Gordon.  See* Plaintiffs' Opposition to Defendant's Motion to Dismiss (Docket #20), filed concurrently.  However, Adknowledge's scheme to remove the state court action, and then have this Court dismiss it, is not supported by any facts or law.

## C.   This Court Should Award Plaintiffs Their Attorneys' Fees Incurred Due to the Baseless Removal

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).

Newman Du Wors, representing the "cottage industry" of unlawful spammers, has recently begun filing declaratory actions against spam recipients in federal court when possible and, if that is not possible, then improperly removing state court actions to federal court.  The reason: As discussed in more detail in Plaintiffs' Opposition to Defendant's Motion to Dismiss (Docket #20), filed concurrently, its spammer clients are desperate to avoid two binding California appellate cases that ruled that Section 17529.5 is not preempted by the federal CAN-SPAM Act and spam recipients need not plead or prove reliance and actual damages.  But whether Adknowledge and its attorneys like it or not, that is the current law.

Moreover, Newman Du Wors *knows* that removal is improper when there is a California defendant.  Just a few months ago, Newman Du Wors removed *Wagner v. Spire Vision LLC et al*, No. SCV-252580 (Super. Ct. of Cal., Cty. of Sonoma filed Oct. 25, 2012) to the U.S. District Court for the Northern District of California, similarly alleging "fraudulent misjoinder" of a California defendant in a case brought under Section 17529.5.  The court granted Wagner's motion to remand for a number of reasons, including that

> there is not complete diversity of citizenship because at least one defendant is a citizen of California, the same state of citizenship as Plaintiff Wagner.  The Court finds no improper joinder in this case.  Therefore, this Court finds that it does not have diversity jurisdiction.

Balsam Decl. at ¶ 7 and Ex. A.

**8**

Attorneys must zealously represent their clients' interest… but not at the expense of the integrity of our legal system. "Doing your job" does not justify frivolous removals and misrepresenting the state of the law. Newman Du Wors' improper removals and declaratory actions are meritless, intended only to delay, cause spam recipients to incur more attorneys' fees, and unnecessarily burden the state and federal courts' precious and waning resources.

Adknowledge's Notice of Removal is fatally defective and cannot be cured because there simply is no diversity. Plaintiffs should not have to incur attorneys' fees to remand this Action back to state court after Adknowledge's flagrantly improper removal. This Court should impose sanctions on Adknowledge and Newman Du Wors pursuant to 28 U.S.C. § 1447(c) to compensate Plaintiffs for their costs and attorneys' fees. Plaintiffs incurred/expect to incur attorneys' fees in the amount of $5,540 (15.4 hours at $300 per hour for Balsam, 1.5 hours at $400 per hour for Walton, and 0.8 hours at $400 per hour for Pollak) associated with remanding this Action to the Superior Court of California, County of San Francisco where it began and where it belongs.

This Court should also sanction Newman Du Wors LLP and Adknowledge on its own initiative pursuant to Federal Rule of Civil Procedure 11(c)(3) and order them to pay a penalty to the Court to deter them from continuing to improperly remove cases from state court.

## V.  CONCLUSION

It is axiomatic that when there are parties from the same state on both sides of a lawsuit, there can be no federal diversity jurisdiction. Adknowledge's removal is utterly without merit – a textbook case of bad faith – because there are California Plaintiffs and a properly-named California Defendant (Business.com) who is strictly liable for advertising in some of the unlawful spams at issue.

This Court should: 1) Remand the Action back to the Superior Court of California, County of San Francisco; 2) Order Adknowledge and its attorneys Newman Du Wors, jointly and severally, to pay Plaintiffs' attorneys' fees necessarily incurred for this Motion to Remand in

1    the amount of $5,540; and 3) Sanction Newman Du Wors and Adknowledge for their knowing

2    and willful improper actions.

3                                              THE LAW OFFICES OF DANIEL BALSAM

4    Dated:  September 5, 2013              /s/ Daniel L. Balsam

5                                              Daniel L. Balsam
     Attorney for Plaintiffs Shelly Carper *et al*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION TO REMAND