# Exhibit A

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**PRIORITY SEND**

**JS - 6**

### CIVIL MINUTES -- GENERAL

Case No.   **ED CV 13-1634-JFW (OPx)**                          Date:  October 11, 2013

Title:      Adknowledge, Inc. -v- Jesse Warshal, et al.

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**             **ATTORNEYS PRESENT FOR DEFENDANTS:**
      None                                                                                                         None

**PROCEEDINGS (IN CHAMBERS):**   ORDER DECLINING TO AWARD DECLARATORY RELIEF AND DISMISSING ACTION WITHOUT PREJUDICE

      On October 7, 2013, the Court ordered Plaintiff Adknowledge, Inc. ("Plaintiff") to show cause why this Court should not decline to award declaratory relief and dismiss this action.  On October 10, 2013, Plaintiff filed its Response.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  After considering Plaintiff's Response, the Court rules as follows:

      Where a party only seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, courts have discretion to decline to award declaratory relief and dismiss the action.  *See Countrywide Home Loans, Inc. v. Mortgage Guaranty Insurance Corp.*, 642 F.3d 849, 852-53 (9th Cir. 2011).  The Supreme Court's decision in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942) sets forth the primary factors for consideration:  The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory relief actions as a means of forum shopping; and it should avoid duplicative litigation. *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc).  In *Dizol*, the Ninth Circuit identified a non-exhaustive list of other factors that may be considered in deciding whether to award declaratory relief, including: (1) whether the declaratory judgment action will settle all aspects of the controversy; (2) whether the declaratory judgment action will serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a *res judicata* advantage; (4) whether the declaratory judgment action will result in entanglement between the federal and state court systems; (5) the convenience of the parties; and (6) the availability and convenience of other remedies.  *Dizol*, 133 F.3d at 1225 n.5.

The Court concludes that it should exercise its discretion and decline to award declaratory relief under the Declaratory Judgment Act. Contrary to Plaintiff's claim, the Court is doubtful that this action will settle all aspects of this controversy and avoid piecemeal litigation across the state. Indeed, the Court may not even have subject matter jurisdiction or personal jurisdiction over all of the defendants, three of whom are not residents of California, and this Court may not be the proper venue. *See, e.g., Arya v. CALPERS*, 2011 WL 4501037, at *2 (E.D. Cal. Sept. 27, 2011) ("Claims against multiple defendants may only be aggregated to satisfy the amount in controversy requirement if the defendants are jointly and severally liable.").

Moreover, this action is duplicative of a previously-filed action in California state court, which has since been removed to the Northern District of California (which may be remanded by the Northern District of California in response to a pending motion to remand). The very declaratory relief sought in this action -- i.e., a declaratory judgment that the emails received by defendants do not violate California Business & Professions Code § 17529.5 and a declaratory judgment that defendants' claims under California Business & Professions Code § 17529.5 are preempted by the federal CAN-SPAM Action, 15 U.S.C. § 7701(b)(1) -- is the subject of a fully briefed motion to dismiss filed in the Northern District of California action.

In addition, contrary to Plaintiff's claim, the Court concludes that this action is "reactive." Although Plaintiff filed its initial Complaint in *Adknoweldge, Inc. v. Jesse Warshall, et al.* (Case No. ED 13-CV-1301) on the same day as five of the defendants filed the Northern District of California action, Plaintiff admittedly filed the action only after the defendants allegedly threatened litigation. "[F]ederal courts should generally decline to entertain reactive declaratory actions." *Dizol*, 133 F.3d at 1225.

For the foregoing reasons, the Court exercises its discretion and declines to award declaratory relief under the Declaratory Judgment Act. This action is **DISMISSED without prejudice.**

IT IS SO ORDERED.