UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHELLY CARPER, et al.,

    Plaintiffs,

v.

ADKNOWLEDGE, INC., et al.,

    Defendants.

Case No. 13-cv-03921-JST

**ORDER GRANTING MOTION TO REMAND**

Re: ECF No. 19

## I. INTRODUCTION

Plaintiffs Shelly and Steven Carper, Nick Oliveres, Mario Osoteo, and Debra Ruiz ("Plaintiffs") have moved to remand this action to San Francisco Superior Court, from which it was removed. Plaintiffs also seek an order seek sanctions pursuant to 28 U.S.C. § 1447(c) to compensate them for their costs and attorneys' fees in seeking remand.

## II. BACKGROUND

### A. Factual and Procedural History

In July 2013, Plaintiffs filed suit in San Francisco Superior Court against Defendants Adknowledge, Inc. ("Adknowledge"), Business.com and Does 1-1,000, for violations of California restrictions on unsolicited commercial e-mail, Cal Bus. & Prof. Code § 17529.5. Complaint for Damages ("Complaint"), Case No. CGC-13-533077, Exh. A to Notice of Removal, ECF No. 1-1. The complaint alleged that all Plaintiffs are California citizens and that Defendant Business.com's primary place of business is in California. Complaint ¶ 16.

In August, Defendant Adknowledge removed to this Court, asserting diversity jurisdiction. Notice of Removal. Plaintiffs filed a motion to remand, which this Court now considers.

### B. Legal Standard

A defendant may remove a civil action filed in State court to federal district court so long

1   as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. §
2   1441(a). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in
3   the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). There is "a 'strong
4   presumption against removal jurisdiction [which] means that the defendant always has the burden
5   of establishing that removal is proper.'" Geographic Expeditions, Inc. v. Estate of Lhotka ex rel.
6   Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting Gaus, 980 F.2d at 566).

On granting a motion to remand, the court may order the defendant to pay the plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The district court has "wide discretion" to determine whether to award fees. Moore v. Permanente Med. Group, Inc., 981 F.2d 443, 447 (9th Cir. 1992); see also Gotro v. R. & B. Realty Group, 69 F.3d 1485, 1487 (9th Cir. 1995).

## III.   ANALYSIS

Plaintiff argues that remand is required because there is not complete diversity of citizenship, since all Plaintiffs and Defendant Business.com are citizens of California. Adknowledge argues in its opposition that there are two reasons that it has satisfied its burden of showing that remand is proper: first, that Defendant Business.com had not been served at the time of removal, and second, that the plaintiffs with claims against non-diverse Defendant Business.com are improperly joined with plaintiffs who only have claims against diverse Defendant Adknowledge.

### 1.   Service at the Time of Removal

Plaintiffs do not dispute that they had yet to serve Defendant Business.com at the time of removal. But Adknowledge cites no authority establishing that this fact permits removal of a case with complete diversity among named parties.

Adknowledge states that "28 U.S.C. § 1441(b)—the 'local-defendant rule'—provides that cases involving diverse parties are removable unless any 'of the parties in interest *properly joined and served* as defendants is a citizen of the State in which the action is brought.'" Opposition to Motion to Remand ("Opp.") 3:25-27, ECF No. 25 (quoting 28 U.S.C. § 1441(b) (emphasis added by Adknowledge)). Adknowledge claims that "[u]nder the plain language of the statute and the

2

weight of judicial authority—including at least three opinions by this Court—defendants that have not been properly served at the time of removal are ignored when determining whether to remand." Opp. 3:28-4:2.

None of the cases cited by Adknowledge stand for that proposition. They are all cases construing the 'local-defendant rule,' not cases applying the requirements for demonstrating diversity jurisdiction.

In all three cases cited in the opposition, the parties were completely diverse, and so there was no dispute that the actions could have been filed in federal court. City of Ann Arbor Employees' Ret. Sys. v. Gecht, No. 06-cv-7453-EMC, 2007 WL 760568, at *3 (N.D. Cal. Mar. 9, 2007); Waldon v. Novartis Pharm. Corp., No. 07-cv-01988-MJJ, 2007 WL 1747128, at *1 (N.D. Cal. June 18, 2007); Perez v. McNamee, No. 06-cv-5031-CW, 2006 WL 3462791, at *1-2 (N.D. Cal. Nov. 30, 2006).[1] The question in those cases was whether an otherwise removable case must remain in state court because of the presence of a local defendant. It was in that context that those courts quoted Section 1441(b)'s "joined and served" language. That language suggests only that a defendant must be served before its status as a local defendant can block removal. See Stan Winston Creatures, Inc. v. Toys 'R' Us, Inc., 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003) ("the purpose of the 'joined and served' requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve"). It has nothing to do with determining which named defendants count for purposes of establishing diversity of citizenship.

Under Ninth Circuit precedent, "[a] nonresident defendant cannot remove a 'nonseparable' action if the citizenship of any codefendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or nonservice upon the codefendant." Clarence E. Morris Inc. v.

---

[1] The same is true of the additional cases cited by Adknowledge in its Notice of Removal. Carreon v. Alza Corp., No. 09-cv-5623-RS, 2010 WL 539392, at *1-2 (N.D. Cal. Feb. 9, 2010); Goodwin v. Reynolds, No. 2:12-cv-0033-SLB, 2012 WL 4732215, at *2 (N.D. Ala. Sept. 28, 2012); Regal Stone Ltd. v. Longs Drug Stores California, L.L.C., 881 F. Supp. 2d 1123, 1124-25 (N.D. Cal. 2012), motion to certify appeal granted (May 4, 2012).

3

Vitek, 412 F.2d 1174, 1176 (9th Cir. 1969). "Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." Id. Adknowledge's only argument against Vitek is its age, but our courts continue to apply it. See Fong v. Beehler, No. 13-cv-03021-EDL, 2013 WL 5194023, at *3 (N.D. Cal. Sept. 16, 2013); Houden v. Todd, 348 F. App'x 221, 223, n. 1 (9th Cir. 2009) (unpublished). While the Ninth Circuit has declined to apply Vitek's rule to interpleader actions, Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1266, n. 4 (9th Cir. 1992), Adknowledge cites no authority suggesting that Vitek's rule regarding service has been undermined in cases removed on the basis of diversity.

This argument does not support the propriety of removal.

### 2. Fraudulent Misjoinder of Plaintiffs

Adknowledge also argues that "[t]he fraudulent-misjoinder doctrine allows removal when multiple plaintiffs with unrelated claims sue together with just a few of them asserting claims against a nondiverse defendant." Opp. 4:19-20.

Courts that apply this "fraudulent misjoinder" doctrine apply it as a "logical extension" of the better-established "fraudulent joinder" doctrine. Greene v. Wyeth, 344 F. Supp. 2d 674, 684-85 (D. Nev. 2004); see also Wright & Miller, 14B Fed. Prac. & Proc. Juris. (4th ed.) ("Wright & Miller") § 3723 ("[a]kin to the doctrine of fraudulent joinder is the newer doctrine of fraudulent misjoinder").

A "[j]oinder is fraudulent '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting Hamilton Materials, Inc. v. Dow Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). "In such a case, the district court may ignore the presence of that defendant for the purpose of establishing diversity." Hunter, 582 F.3d at 1043.

"The term 'fraudulent joinder' is a bit misleading, inasmuch as the doctrine requires neither a showing of fraud . . . nor joinder." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999) (internal citation omitted). Fraudulent *mis*-joinder, on the other hand, *does* involve joinder, and it

1    may or may not also involve fraud.

2        The doctrine of fraudulent misjoinder (sometimes called procedural misjoinder) "seems to
3    have originated with the Eleventh Circuit's opinion in <u>Tapscott v. MS Dealer Service Corp</u>."
4    Laura J. Hines & Steven S. Gensler, <u>Driving Misjoinder: The Improper Party Problem in Removal
5    Jurisdiction</u>, 57 Ala. L. Rev. 779, 798 (2006). In that case, plaintiffs brought a state court action
6    against Lowe's Home Centers, and then later amended the complaint to join new plaintiffs who
7    stated claims against another group of defendants. <u>Tapscott</u>, 77 F.3d 1353, 1359 (11th Cir. 1996)
8    <u>abrogated on other grounds by</u> <u>Cohen v. Office Depot, Inc.</u>, 204 F.3d 1069 (11th Cir. 2000).
9    Lowe's, who was diverse from the first group of plaintiffs, and apparently unrelated to the new
10   defendants, removed the case, and moved the federal court to sever the claims. <u>Id.</u> at 1355-56.
11   The district court did so: "finding no allegation of joint liability between Lowe's and any other
12   defendant and no allegation of conspiracy, [the district court] held there was an 'improper and
13   fraudulent joinder, bordering on a sham.'" <u>Id.</u> at 1360.

14       On appeal, the Eleventh Circuit stated that it was "important to note that Appellants have
15   not contended that Lowe's was properly joined with any other non-diverse defendants." <u>Id.</u>
16   "Rather, . . . [the plaintiffs] contend[ed] that while a court may disregard the citizenship of
17   fraudulently joined parties, a misjoinder, no matter how egregious, is not fraudulent joinder." <u>Id.</u>
18   The Eleventh Circuit disagreed, holding "[m]isjoinder may be just as fraudulent as the joinder of a
19   resident defendant against whom a plaintiff has no possibility of a cause of action." <u>Id.</u> The court
20   finished by clarifying that "[w]e do not hold that mere misjoinder is fraudulent joinder, but we do
21   agree with the district court that Appellants' attempt to join these parties is so egregious as to
22   constitute fraudulent joinder." <u>Id.</u>

23       This approach has been implicitly endorsed by the Fifth Circuit. <u>In re Benjamin Moore &
24   Co.</u>, 309 F.3d 296, 298 (5th Cir. 2002). It has also been applied by many district courts in other
25   circuits, some of which go even further than <u>Tapscott</u> by applying the doctrine to any improper
26   joinders, even in those in which the misjoinder was not "egregious." See <u>Caouette v. Bristol-
27   Myers Squibb Co.</u>, No. 12-cv-1814-EMC, 2012 WL 3283858, at *6 (N.D. Cal. Aug. 10, 2012)
28   (collecting cases). However, "[a]lthough the Ninth Circuit has acknowledged the concept of

fraudulent misjoinder in an unpublished decision, it has not yet elected to adopt the doctrine." Pate v. Boston Scientific Corp., No. 13-cv-06321-BRO-AJWX, 2013 WL 5743499, at *5 (C.D. Cal. Oct. 21, 2013) (citing Cal. Dump Truck Owners Ass'n v. Cummins Engine Co. Inc., 24 Fed. App'x 727, 729 (9th Cir. 2001).[2]

This Court agrees that "confusion could be reduced if removing parties would challenge fraudulent joinders and misjoinders in state court, before defendants file a removal notice." Wright and Miller § 3723; but see also Hines & Gensler, 57 Ala. L. Rev. at 808-12 (providing the opposing view). If a defendant can demonstrate that the plaintiffs are improperly joined under state law, it could move the state court to sever the action. Then there would be little doubt about which portions of a dispute are properly removable and which are not.

But by removing first and answering questions later, a removing defendant invoking fraudulent misjoinder is requesting that the federal court be the one to "gauge whether severance of improperly joined parties is warranted." Greene, 344 F. Supp. 2d at 684. The federal court, *before or as part of its inquiry into its own jurisdiction*, must entertain what is, in effect, a defendant's motion to sever. Among the many questions this request raises is this one: which forum's severance and joinder rules, and which bodies of decisional law, should the court apply?[3]

---

[2] In that decision, albeit unpublished and unciteable, the Ninth Circuit did suggest that even if 'fraudulent misjoinder' applies, it applies only to 'egregiously' misjoined cases rather than cases in which parties were merely improperly joined. 24 Fed. App'x at 730.

[3] Unlike a 'fraudulent joinder' removal, in which the court applies the state's "settled" substantive law, a 'fraudulent misjoinder' removal involves the procedural law of severance and joinder. Pursuant to the Erie doctrine, a federal court sitting in diversity generally applies federal procedural law. But the Erie doctrine assumes that a case is properly in federal court to begin with. What result obtains when the procedural law of joinder is *determinative* of the jurisdictional question? Many courts avoid the question when the state and federal joinder laws are nearly coterminous, but this is not always possible. See Osborn v. Metro. Life Ins. Co., 341 F. Supp. 2d 1123, 1128-29 (E.D. Cal. 2004) (noting a distinction between California and federal joinder law, and explaining why state law should govern a 'fraudulent misjoinder' removal). If a federal court applies federal procedural law to this question, it is possible that a group of plaintiffs who are entitled to proceed together under their own state's laws would find their claims severed by a federal court which lacks jurisdiction over their pre-severed claims. Such a result would create significant tension with the principle that plaintiffs are masters of their own complaint and that state courts presumptively have jurisdiction over cases properly before them. There are, of course, problems with the opposite approach as well. See Hines & Gensler, 57 Ala. L. Rev. at 812-19 (arguing that federal courts should apply federal joinder law in order to fully effectuate the

6

The Court does not need to reach the question of whether to apply state or federal joinder law, because it finds that plaintiffs here are properly joined under either standard. "Rule 20(a) of the Federal Rules of Civil Procedure ("FRCP") permits the joinder of plaintiffs in one action if: (1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common questions of law or fact." Coughlin, 130 F.3d at 1350. While the Plaintiffs received different emails, some from Adknowledge and some from Business.com, they allege that all of them were sent as part of a series by Adknowledge and its agents, and that all of the emails included a link that automatically directed the user's browser to one of Adknowledge's domain names. Complaint ¶ 24. This is sufficient to allege that all of the emails are part of a "series of transactions or occurrences." See Schwarzer et al., Prac. Guide Fed. Civ. Proc. Before Trial (5th Cir.) Ch. 7-D ("[t]he requirement that the right to relief arise from the 'same transaction, occurrence or series of transactions or occurrences' is also construed broadly . . . [i]t is sufficient if there is a logical relationship between the claims joined"). The legal questions regarding California's anti-SPAM law apply commonly to all of those occurrences.

California's joinder standard is very similar to the federal standard set forth in Rule 20. California Code of Civil Procedure section 378 provides, in relevant part:

> All persons may join in one action as plaintiffs if:
>
> (1) They assert any right to relief jointly, severally, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action; or
>
> (2) They have a claim, right, or interest adverse to the defendant in the property or controversy which is the subject of the action.

Cal. Code Civ. Proc. § 378(a). "The purpose of section 378 is to permit the joinder in one action

---

removal statute's purpose of providing access to federal courts). In resolving this conflict, the Court defers to the applicable statutory presumption, which dictates that "removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)).

of several causes arising out of identical or related transactions and involving common issues. The statute should be liberally construed so as to permit joinder whenever possible in furtherance of this purpose." Coleman v. Twin Coast Newspaper, Inc., 175 Cal. App. 2d 650, 653, 346 P.2d 488, 490 (1959). As with the federal standard, the Court again concludes that the e-mails here are plaintiffs here are part of a "series of transactions or occurrences," and that plaintiffs are properly joined.

Moreover, even when joinder is not appropriate under Rule 20(a), severance is still at the discretion of the district court, and the party seeking severance ordinarily bears the burden of demonstrating that it will suffer at least some prejudice or harm if the parties are not severed. See Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997)("[i]f the test for permissive joinder is not satisfied, a court, in its discretion, *may* sever the misjoined parties, so long as no substantial right will be prejudiced by the severance")(emphasis added). Adknowledge has not demonstrated any prejudice beyond the unclear burden of having to litigate one case in state court rather than two cases in two forums.

Adknowledge has not met its burden of demonstrating that removal is proper under the 'fraudulent misjoinder' doctrine, even assuming that the doctrine applies in this circuit.

### 3. Fees

The Court will not award fees pursuant to 28 U.S.C. § 1447(c). Adknowledge's first argument for removal significantly misreads the relevant authority, but its second argument seeks to apply a doctrine that has been applied by other federal courts.

### 4. Other Motions

Adknowledge has also filed motions to dismiss, a motion to disqualify one of Plaintiffs' counsel, and a motion to shorten time so that the motion to disqualify can be heard before the motion to remand is decided. But as explained *supra*, the Court lacks jurisdiction over this action. "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. 506, 513 (1868). The Court therefore cannot address the merits of any of the other pending motions.

8

The Court takes attorney disqualification rules seriously. The Court also recognizes that, if Plaintiffs' counsel is in fact prohibited from representing Plaintiffs in this action, Plaintiffs will have improperly gained the assistance of a disqualified counsel in seeking remand of this case. The Court, however, has an obligation in the first instance to satisfy itself of its own authority, and would be obligated to remand this action *sua sponte* even had Plaintiff's counsel not been involved in making the motion.[4] See Harris v. Provident Life & Acc. Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) overruled on other ground by Leeson v. Transamerica Disability Income Plan, 671 F.3d 969 (9th Cir. 2012). And the only prejudice of which Defendants can complain is the prejudice of not having its motion to disqualify heard by a court which lacks jurisdiction over the case. The motion to dismiss, and the motion to disqualify counsel, like any motion to sever, can and should be handled in the first instance by the San Francisco Superior Court.

### III. CONCLUSION

The Motion to Remand is GRANTED. All other pending motions are therefore TERMINATED and the corresponding hearings VACATED. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 4, 2013

_____
JON S. TIGAR
United States District Judge

---

[4] Moreover, the specific attorney Adknowledge seeks to disqualify is not the only one whose name appears on the caption of the motion to remand (although he is the signatory).